SARAH J. YALLALY, BY HER NEXT FRIEND, WILLIAM T. STE-
PHENS, Respondent, v. THOMAS C. YALLALY, Appellant.

*Divorce—Practice—Pleading—Evidence.*—The plaintiff, in a suit for divorce, must allege and prove good conduct' upon her own part. This averment is in its nature a negative one, and the defendant taking issue upon it may in his answer present such facts as to show that he had "good cause" for his conduct. In a suit for divorce brought by the wife against the husband, on the ground of desertion, and a cross-bill filed charging adultery of the plaintiff, evidence of the general reputation of the wife for chastity is not admissible.

*Appeal from DeKalb Circuit Court.*

*Hall & Oliver*, and *Vories & Vories*, for appellant.

I. The court erred in striking out that part of defendant's answer which set up and charged adultery and other acts of misconduct on the part of plaintiff. The statute provides that the Circuit Court shall have jurisdiction in all cases of divorce or maintenance, and that such cases shall be tried by the court, and that like process and proceedings shall·be had in such as are had in other civil cases. It is contended that in all civil cases the defendant may set up in his answer any matter which would be a legal excuse for his failing to do the act, the failing to do which is the gravamen of the action. Under our law a man is not only excused from supporting his wife after she is guilty of wanton adultery, but he has a right by the law to be divorced from her; and although he may not be entitled to a divorce upon an answer or cross-bill to a bill for maintenance, yet it is certainly a defence to her action for maintenance—R. C. 1855, p. 663; Ryan v. Ryan, 9 Mo. 537; 3 Blackf. 203; Burdell v. Burdell, 2 Barb. (S. C.) 473; Griffin v. Griffin, 8 B. Mon. 120.

II. If the answer in this bill pray for more than the defendant was entitled under the law, such surplusage would not deprive the defendant of that which was legal and right —Ryan v. Ryan, 9 Mo. 539.

III. Without reference to the provision in our statute preventing the court from giving relief except to an innocent and injured party, the proceeding being in the nature of a proceeding in equity, no relief would or could be granted to a party who was not innocent, on the well-known ground that no unclean hand could approach the precincts of a court of chancery—Palmer v. Palmer, 1 Paige, 275; Daiger v. Daiger, 2 Md. Ch. 335; Battey v. Battey, 1 R. I. 212; Holmes v. Holmes, 4 Barb. (S. C.) 295; Morrell v. Morrell, 2 Barb. (S. C.) 480; Happer v. Happer, 11 Pai. 46.

IV. The adultery of the plaintiff would be an effectual bar to a suit against the defendant for a divorce and alimony

founded upon the charge of adultery on his part; then why not bar her right to recover for a smaller offence?—Smith v. Smith, 4 Paige, 432, and cases there cited; 2 Kent's Com. 140-1, and cases there cited; McCutchen v. McCutchen, 11 Johns. 280.

V. The court also erred in excluding the evidence offered by the defendant to show the general character of the plaintiff for chastity, as it is not to be presumed that a woman who had maintained a good character would be entitled to no more alimony than a mere prostitute, or one who had no character for virtue—Happer v. Happer, 11 Paige, and cases cited.

*Ensworth & Lewis*, for respondent.

The court committed no error in striking out part of the appellant's answer. If the court erred, the appellant failed to save the benefit of the error committed by failing to file bill of exceptions at same term when judgment thereon was given—R. C. 1855, p. 1264, § 28; R. C. 1865, p. 675, § 28.

The court committed no error in ruling out the proposed evidence of the appellant as to the character of respondent. He was bound to support his wife until divorced, or her abandonment of him. If the respondent had proved faithless to appellant, he could have applied for a divorce, and been relieved of his duty to provide for her support.

There is no evidence of improper conduct on her part after her marriage with appellant. There was a condonation on the part of appellant for all acts up to the time he abandoned the respondent, and no evidence tending to prove improper conduct afterwards.

FAGG, Judge, delivered the opinion of the court.

This was a proceeding commenced by the respondent against the appellant in the De Kalb Circuit Court, under the provision of the act concerning divorce and alimony— R. C. 1855, p. 665, § 11.

The petition alleges that in April, 1857, she was lawfully

married to the defendant; that they lived together as husband and wife from that period until the month of June, 1863, during all which time she faithfully demeaned herself, and discharged all of the duties that devolved upon her in that relation; that at said last mentioned date defendant, without any good or reasonable cause, abandoned her, and neglected and refused to maintain or provide for her.

It is further alleged that the respondent was poor and without the means of support, and that the defendant was worth the sum of eight or nine thousand dollars, and a decree of the court is asked for the payment of such sums to the respondent as the nature of the case and circumstances of the parties should require.

The answer contains a specific denial of all the allegations in the petition, except as to the marriage of the parties, and then proceeds to charge the fact that respondent was pregnant at the time of their marriage, and in a short time thereafter gave birth to a child which she admitted was not the child of defendant; that the fact of her pregnancy was fraudulently concealed from defendant, and that thereupon he separated from her, and continued to live separate and apart from her for a long period of time, when, by the entreaties of friends and upon her promises of future good behavior, he again consented to live with her. That respondent, very soon after her return to him, renewed her former course of conduct; that she committed adultery with one Seriah Stephens, and at divers times with various other persons whose names were unknown to him, and, in general, conducted herself in such a lewd and unchaste manner, as to compel him to abandon her as his wife, and prays for a decree divorcing him from the bonds of matrimony.

So much of the answer as sets up the affirmative matter in relation to the character and habits of the respondent, and which were all alleged as the cause of abandonment, together with the prayer for a divorce, were stricken out

upon motion, and the cause tried by the court sitting as a jury.

There was a verdict and judgment for the respondent, plaintiff below, and the case brought to this court by appeal. The errors chiefly complained of were—

1st. As to the action of the court in striking out a portion of defendant's answer; and

2d. In refusing to admit competent testimony, and also in the admission of incompetent testimony.

It should be remarked in the first place, that this is a proceeding under the statute referred to, and must follow substantially its provisions. The plaintiff could only show herself entitled to recover by a general averment of her own good character, coupled with a statement of the cause of action. This statement is necessarily composed of facts constituting, so to speak, a negative averment, and a simple denial on the part of the defendant would not present such an issue as to develop the facts in the case. This could only be done by a statement upon his part of the facts which induced the separation of the parties, and this would present the question as to whether there was "good cause" in the proper form for trial.

The pleadings themselves show that there was a condonation of the first offence charged against the respondent, and so much as related to her being pregnant previous to the marriage, together with the prayer for a divorce, ought to have been stricken out. Upon the second point, it may be said briefly that the pleadings when made to conform to this opinion will present no issue upon which testimony in relation to the general reputation of the respondent for chastity will be admissible.

The judgment of the court below is reversed and the cause remanded, the other judges concurring.